## SCHEU v. PENNSYLVANIA R. R.

(Circuit Court, W. D. Pennsylvania. December 5, 1905.)

### No. 31.

DAMAGES—PERSONAL INJURY—EXCESSIVE VERDICT—REDUCTION BY CONDITIONAL ORDER.

A verdict awarding $15,000 damages to a young locomotive fireman, who was earning about $1,000 per year, for an injury resulting in the loss of his left hand, held excessive, and a conditional order made granting a new trial unless plaintiff should remit the excess above $10,000.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 383.]

At Law. On rule for a new trial on the ground that the verdict is excessive.

R. P. Marshall, for plaintiff.
Thomas Patterson, for defendant.

ARCHBALD, District Judge.[1] The verdict is for $15,000 for the loss by the plaintiff of his left hand. He was a locomotive fireman, earning about $1,000 yearly, with a chance of being advanced to the position of engineer, where he would get considerably more. In his present condition this occupation must be abandoned, but at the same time he is still young, and is by no means incapacitated for other lines of profitable labor. The amount of the verdict, however, is such that, if put at interest, it would yield almost, if not quite, as much as the plaintiff was getting at the time of the accident, and he has the capital in hand in addition, without any chance or contingency such as might come to him personally, like the accident out of which this controversy grows, by which his earning power would be correspondingly impaired. Under the circumstances the amount given by the jury is more than compensatory and thus becomes excessive and punitive. Evidently it is in part at least aimed at the retention by the defendant company in

[1] Specially assigned.

their employ of one who was considered by the jury as an incompetent, if not recklessly dangerous, employé, by whose negligence the accident was caused and which might bring about similar accidents to others.

It is somewhat difficult to say how much should be eliminated from the verdict on this account. Damages in such cases are peculiarly for the jury to fix; the court having only a general supervision of their action so that it may not go beyond bounds. It has even been held by the House of Lords in England, in the recent case of Watt v. Watt (1905) L. R. App. Cases, ——, that there can be no interference by the court with the amount of damages awarded by a jury, the defendant being entitled to have them assessed by that tribunal; and that a reduction by the court on a rule for a new trial, on acceptance of which by the plaintiff and remission of the excess the rule is discharged, is without warrant of law, and cannot be sustained. But the cases in this country are not so (13 Cyc. 134), and the right is freely exercised by the courts in the way suggested. I have no hesitation in so acting here. Taking off one-third of the verdict, a very substantial amount is still left, which it seems to me will be full pecuniary compensation for the actual loss as ordinarily measured. 20 Am. & Eng. Encyc. Law (2d Ed.) 158, note 1. And a conditional order which will effect this will accordingly be made.

On condition that the plaintiff within 20 days by paper duly filed shall agree to a reduction of the verdict to $10,000, remitting the excess, the rule for a new trial will be discharged; but, otherwise, will be made absolute, and a new trial awarded.